1   JAMES MCMANIS (40958)
    NEDA MANSOORIAN (207832)
2   ELIZABETH PIPKIN (243611)
    DAVID PEREZ (238136)
3   McMANIS FAULKNER & MORGAN
    A Professional Corporation
4   50 West San Fernando Street, 10th Floor
    San Jose, California 95113
5   Telephone:      408-279-8700
    Facsimile:      408-279-3244
6
    Attorneys for Plaintiff,
7   MARTIN LUTHER OREN, by and through
    his Guardian ad Litem, Calvin S. Oren
8

9                  UNITED STATES DISTRICT COURT
                   NORTHERN DISTRICT OF CALIFORNIA
10                     SAN JOSE DIVISION          *E-FILED - 1/18/07*

11  MARTIN LUTHER OREN, by and through        No. C 05-05100 RMW
    his Guardian ad Litem, Calvin S. Oren
12                                            STIPULATION AND [PROPOSED]
                Plaintiff,                    ORDER ALLOWING PLAINTIFFS TO
13                                            FILE THIRD AMENDED COMPLAINT
    vs.
14
    COUNTY OF SANTA CLARA, SANTA
15  CLARA VALLEY MEDICAL CENTER,
    DR. OSBACK, SANTA CLARA COUNTY
16  SHERIFF'S DEPARTMENT, SANTA
    CLARA COUNTY DEPARTMENT OF
17  CORRECTIONS, SHERIFF DEPUTY
    VANDEGRAAF, SHERIFF DEPUTY
18  ZUNIGA, JANET LEASER, and DOES 1         Action Filed:  August 18, 2005
    through 39, inclusive,
19
                Defendants.
20

21       Plaintiff Martin Oren moves for leave to file a Third Amended Complaint, to substitute

22  Dr. Kenneth Gee for a DOE defendant.  The proposed Third Amended Complaint, attached

23  hereto as Exhibit A, does not add any new causes of action to the existing operative complaint.

24       Defendants, County of Santa Clara, Santa Clara Valley Medical Center, Dr. Osback,

25  Janet Leaser, Santa Clara County Sheriff's Department, Santa Clara County Department of

26  Corrections, Sheriff Deputy Vandegraaf, Sheriff Deputy Zuniga, and Sheriff Deputy Howell do

27  not oppose the filing of the proposed Third Amended Complaint to add Dr. Kenneth Gee as a

28  DOE defendant.

                                        1

1      The parties, by and through their counsel, hereby stipulate that Plaintiff may file the

2  attached Third Amended Complaint provided that the Court allows it to be filed.

3  DATED:  January 3, 2007                  McMANIS FAULKNER & MORGAN

4

5                                         _____

6                                         COLLEEN DUFFY SMITH
                                       Attorneys for Plaintiff

7

8  DATED:  January 5, 2007                  ANN MILLER RAVEL

9                                         County Counsel

10

11                                         _____
                                       DAVID ROLLO

12                                         Deputy County Counsel
                                       Attorneys for Defendants

13

14      PURSUANT TO STIPULATION, IT IS ORDERED that Plaintiff shall be allowed to file

15  the Third Amended Complaint, adding Dr. Kenneth Gee as a DOE defendant.

16

17  DATED:  1/18/07 _____ , 2006

18                                         HON. RONALD M. WHYTE

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

JAMES MCMANIS (40958)
NEDA MANSOORIAN (207832)
ELIZABETH PIPKIN (243611)
DAVID PEREZ (238136)
McMANIS FAULKNER & MORGAN
A Professional Corporation
50 West San Fernando Street, 10th Floor
San Jose, California 95113
Telephone:     408-279-8700
Facsimile:      408-279-3244

Attorneys for Plaintiff,
MARTIN LUTHER OREN, by and through
his Guardian ad Litem, Calvin S. Oren

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| MARTIN LUTHER OREN, by and through his Guardian ad Litem, Calvin S. Oren<br><br>        Plaintiff,<br><br>vs.<br><br>COUNTY OF SANTA CLARA, SANTA CLARA VALLEY MEDICAL CENTER, DR. OSBACK, SANTA CLARA COUNTY SHERIFF'S DEPARTMENT, SANTA CLARA COUNTY DEPARTMENT OF CORRECTIONS, SHERIFF DEPUTY VANDEGRAAF, SHERIFF DEPUTY ZUNIGA, JANET LEASER, and DOES 1 through 39, inclusive,<br><br>        Defendants. | No. C 05-05100 RMW<br><br>**PLAINTIFF'S THIRD AMENDED COMPLAINT FOR GENERAL NEGLIGENCE; PROFESSIONAL NEGLIGENCE; FAILURE TO WARN; FAILURE TO SUMMON MEDICAL AID; & CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. § 1983**<br><br>**JURY TRIAL DEMANDED**<br><br><br>Action Filed:  August 18, 2005 |

1.      Attached hereto as Exhibit 1 is Plaintiff's Second Amended Complaint ("Second Amended Complaint") filed in this case on September 18, 2006.  Plaintiff realleges and incorporates by reference all allegations in Exhibit 1 inclusively, as if fully set forth herein.

///

1         2.     Upon the filing of the complaint, Plaintiff, being ignorant of the true name of the

2    defendant and having designated the defendant in the Second Amended Complaint by the

3    fictitious name of DOE 1, and having discovered the true name of the defendant to be DR.

4    KENNETH GEE, amends the Second Amended Complaint by substituting the true name for the

5    fictitious name wherever it appears in Exhibit 1.

6    DATED: January 3, 2007             McMANIS FAULKNER & MORGAN

7

8                                           _____

9                                    COLLEEN DUFFY SMITH

10                                   Attorneys for Plaintiff, MARTIN LUTHER

11                                   OREN, by and through his Guardian ad
                                     Litem, Calvin S. Oren

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S THIRD AMENDED COMPLAINT, CASE NO. C 05-05100 RMW

# EXHIBIT 1

1   JAMES MCMANIS (40958)
    NEDA MANSOORIAN (207832)
2   ELIZABETH PIPKIN (243611)
    DAVID PEREZ (238136)
3   McMANIS FAULKNER & MORGAN
    A Professional Corporation
4   50 West San Fernando Street, 10th Floor
    San Jose, California 95113
5   Telephone:    408-279-8700
    Facsimile:    408-279-3244
6
    Attorneys for Plaintiff,
7   MARTIN LUTHER OREN, by and through
    his Guardian ad Litem, Calvin S. Oren
8

9                   UNITED STATES DISTRICT COURT
                   NORTHERN DISTRICT OF CALIFORNIA
10                          SAN JOSE DIVISION

11  MARTIN LUTHER OREN, by and through       No. C 05-05100 RMW
    his Guardian ad Litem, Calvin S. Oren
12                                            **PLAINTIFF'S SECOND AMENDED
                                              COMPLAINT FOR GENERAL
13        Plaintiff,                          NEGLIGENCE; PROFESSIONAL
                                              NEGLIGENCE; FAILURE TO WARN;
14  vs.                                       FAILURE TO SUMMON MEDICAL
                                              AID; & CIVIL RIGHTS VIOLATIONS
15  COUNTY OF SANTA CLARA, SANTA              UNDER 42 U.S.C. § 1983**
    CLARA VALLEY MEDICAL CENTER,
16  DR. OSBACK, SANTA CLARA COUNTY
    SHERIFF'S DEPARTMENT, SANTA
17  CLARA COUNTY DEPARTMENT OF
    CORRECTIONS, SHERIFF DEPUTY               **JURY TRIAL DEMANDED**
18  VANDEGRAAF, SHERIFF DEPUTY
    ZUNIGA, JANET LEASER, and DOES 1
19  through 39, inclusive,

20        Defendants.

21

22

23                                            Action Filed:  August 18, 2005

24        1.     Attached hereto as Exhibit 1 is Plaintiff's Amended Complaint ("First Amended

25  Complaint") filed in the Santa Clara County Superior Court, Case No. 1-05-CV-035103.

26  Plaintiff realleges and incorporates by reference all allegations in Exhibit 1 inclusively, as if fully

27  set forth herein.

28  ///

1    2.    Upon the filing of the complaint, Plaintiff, being ignorant of the true name of the

2    defendant and having designated the defendant in the First Amended Complaint by the fictitious

3    name of DOE 26, and having discovered the true name of the defendant to be SHERIFF

4    DEPUTY HOWELL, amends the First Amended Complaint by substituting the true name for the

5    fictitious name wherever it appears in Exhibit 1.

6    DATED:  August 1, 2006

                                                McMANIS FAULKNER & MORGAN

7

8

9                                               COLLEEN DUFFY SMITH

10

11                                              Attorneys for Plaintiff, MARTIN LUTHER
                                                OREN, by and through his Guardian ad
12                                              Litem, Calvin S. Oren

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

**982.1(**

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):*
JAMES MCMANIS (SBN 40958)
CHRISTOPHER BANYS (SBN 230038)
McMANIS FAULKNER & MORGAN
50 West San Fernando, Suite 1000
San Jose, CA   95113
TELEPHONE NO: 408-279-8700      FAX NO. *(Optional)*   408-279-3244
E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*: Plaintiff Martin Luther Oren

NAME OF COURT: Superior Court of California, County of Santa Clara
STREET ADDRESS: 191 North First Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME:

PLAINTIFF: Martin Luther Oren, by and through his
Guardian ad litem, Calvin S. Oren

DEFENDANT: County of Santa Clara, Santa Clara Valley Medical Center, Dr.
Osback, Santa Clara County Sheriff's Department, Santa Clara County Department
of Corrections, Sheriff Deputy Vandegraaf, Sheriff Deputy Zuniga, Janet Leaser
[X] DOES 1 TO 39, inclusive

FOR COURT USE ONLY

NOV 18 05

A. Avila

**COMPLAINT — Personal Injury, Property Damage, Wrongful Death**
[X] AMENDED *(Number)*: One

**Type** *(check all that apply)*:
☐ MOTOR VEHICLE                  [X] OTHER *(specify)*:  General Negligence
[X] Property Damage            ☐ Wrongful Death  & Attachments 1-4
[X] Personal Injury            ☐ Other Damages *(specify)*:

**Jurisdiction** *(check all that apply)*:
☐ ACTION IS A LIMITED CIVIL CASE
   Amount demanded     ☐ does not exceed $10,000
                       ☐ exceeds $10,000, but does not exceed $25,000
[X] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)
☐ ACTION IS RECLASSIFIED by this amended complaint
   ☐ from limited to unlimited
   ☐ from unlimited to limited

CASE NUMBER:
1-05-CV-035103

1. PLAINTIFF *(name)*: Martin Luther Oren, by and through his Guardian ad litem, Calvin S. Oren
   alleges causes of action against DEFENDANT *(name)*: All defendants listed in above caption
2. This pleading, including attachments and exhibits, consists of the following number of pages: __13__
3. Each plaintiff named above is a competent adult
   a. [X] except plaintiff *(name)*:  Martin Luther Oren
      (1) ☐ a corporation qualified to do business in California
      (2) ☐ an unincorporated entity *(describe)*:
      (3) ☐ a public entity *(describe)*:
      (4) ☐ a minor      [X] an adult
          (a) [X] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
          (b) ☐ other *(specify)*:
      (5) ☐ other *(specify)*:

   b. ☐ except plaintiff *(name)*:
      (1) ☐ a corporation qualified to do business in California
      (2) ☐ an unincorporated entity *(describe)*:
      (3) ☐ a public entity *(describe)*:
      (4) ☐ a minor      ☐ an adult
          (a) ☐ for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
          (b) ☐ other *(specify)*:
      (5) ☐ other *(specify)*:

☐ Information about additional plaintiffs who are not competent adults is shown in Complaint — Attachment 3.

Form Approved for Optional Use
Judicial Council of California
982.1(1) [Rev. July 1, 2002]      **COMPLAINT — Personal Injury, Property
Damage, Wrongful Death**      Legal
Solutions™      Page 1 of 3
Code of Civil Procedure, § 425.12

| SHORT TITLE: Oren v. County of Santa Clara, et al. | CASE NUMBER: 1-05-CV-035103 |

4. ☐ Plaintiff (name):

is doing business under the fictitious name (specify):

and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person

a. ☒ **except** defendant (name): County of Santa Clara

  (1) ☐ a business organization, form unknown
  (2) ☐ a corporation
  (3) ☐ an unincorporated entity (describe):

  (4) ☒ a public entity (describe):

  (5) ☐ other (specify):

b. ☒ **except** defendant (name): Santa Clara Valley Medical Center

  (1) ☐ a business organization, form unknown
  (2) ☐ a corporation
  (3) ☐ an unincorporated entity (describe):

  (4) ☒ a public entity (describe):

  (5) ☐ other (specify):

c. ☒ **except** defendant (name): Santa Clara County Sheriff's Department

  (1) ☐ a business organization, form unknown
  (2) ☐ a corporation
  (3) ☐ an unincorporated entity (describe):

  (4) ☒ a public entity (describe):

  (5) ☐ other (specify):

d. ☒ **except** defendant (name): Santa Clara County Department of Corrections

  (1) ☐ a business organization, form unknown
  (2) ☐ a corporation
  (3) ☐ an unincorporated entity (describe):

  (4) ☒ a public entity (describe):

  (5) ☐ other (specify):

☐ Information about additional defendants who are not natural persons is contained in Complaint — Attachment 5.

6. The true names and capacities of defendants sued as Does are unknown to plaintiff.

7. ☐ Defendants who are joined pursuant to Code of Civil Procedure section 382 are (names):

8. This court is the proper court because
  a. ☒ at least one defendant now resides in its jurisdictional area.
  b. ☐ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
  c. ☐ injury to person or damage to personal property occurred in its jurisdictional area.
  d. ☐ other (specify):

9. ☒ Plaintiff is required to comply with a claims statute, **and**
  a. ☒ plaintiff has complied with applicable claims statutes, or
  b. ☐ plaintiff is excused from complying because (specify): Attached as Exhibit A, hereto, is the Claim for Personal Injuries of plaintiff. Said claim is hereby incorporated by reference, as if fully set forth herein.

| SHORT TITLE: Oren v. County of Santa Clara, et al. | CASE NUMBER:<br>1-05-CV-035103 |
|---|---|

10. The following causes of action are attached and the statements above apply to each (*each complaint must have one or more causes of action attached*):

   a. ☐  Motor Vehicle
   b. ☒  General Negligence
   c. ☐  Intentional Tort
   d. ☐  Products Liability
   e. ☐  Premises Liability
   f. ☒  Other (*specify*): Professional Negligence; Failure to Warn; Failure to Summon Medical Aid (Government Code section 845.6); Failure to Provide Medical Care (42 U.S.C. section 1983)

11. Plaintiff has suffered
   a. ☒  wage loss
   b. ☐  loss of use of property
   c. ☒  hospital and medical expenses
   d. ☒  general damage
   e. ☒  property damage
   f. ☒  loss of earning capacity
   g. ☐  other damage (*specify*):

12. ☐  The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
   a. ☐  listed in Complaint — Attachment 12.
   b. ☐  as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. **PLAINTIFF PRAYS** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
   a. (1) ☒  compensatory damages
      (2) ☒  punitive damages
   b. The amount of damages is (*you must check (1) in cases for personal injury or wrongful death*):
      (1) ☒  according to proof
      (2) ☐  in the amount of: $

15. ☐  The paragraphs of this complaint alleged on information and belief are as follows (*specify paragraph numbers*):

Date: November 15, 2005

Christopher Banys
     (TYPE OR PRINT NAME)                    ▶               (SIGNATURE OF PLAINTIFF OR ATTORNEY)

982.1(1) [Rev. July 1, 2002]       **COMPLAINT — Personal Injury, Property Damage, Wrongful Death**       Page 3 of 3

| SHORT TITLE:<br>Oren v. County of Santa Clara, et al. | CASE NUMBER:<br>1-05-CV-035103 |
| --- | --- |

First _____          **CAUSE OF ACTION - General Negligence**                      Page_4_____
　(number)

ATTACHMENT TO  [X] Complaint   ☐ Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name):*  Martin Luther Oren, by and through his Guardian ad litem,
　　　Calvin S. Oren
　　alleges that defendant *(name):*  As against all defendants and

　　　　　　　　　　[X] Does _1_____ to _39, inclusive_

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant
negligently caused the damage to plaintiff
on *(date):*  July 9, 2004, and continuing to on or about July 12, 2004
at *(place):*  Santa Clara Valley Medical Center, Office of the Sheriff, Santa Clara County
Main Jail, and Highway 80, State of Nevada
　*(description of reasons for liability):*
The reasons for liability as to each defendant, are set forth in Exhibit A.

Form Approved by the
Judicial Council of California
Effective January 1, 1982
Rule 982.1(3)
Optional Form                    **CAUSE OF ACTION - General Negligence**         Legal
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Solutions
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　ᏝᎬ Plus      CCP 425.12

| SHORT TITLE: Oren v. County of Santa Clara, et al. | CASE NUMBER:<br>1-05-CV-035103 | **MC-025** |
|---|---|---|

**ATTACHMENT** (Number): One      Page 5 of 13

*(This Attachment may be used with any Judicial Council form.)*      *(Add pages as required)*

SECOND CAUSE OF ACTION FOR PROFESSIONAL NEGLIGENCE
AGAINST DEFENDANTS SANTA CLARA VALLEY MEDICAL CENTER, DR. OSBACK, SANTA
CLARA COUNTY DEPARTMENT OF CORRECTIONS, JANET LEASER and DOES 1 through 25
and 31 through 39, inclusive.

Attachment to Complaint of MARTIN LUTHER OREN

PN-1.  Plaintiff MARTIN LUTHER OREN alleges that defendants SANTA CLARA
VALLEY MEDICAL CENTER, DR. OSBACK, SANTA CLARA COUNTY DEPARTMENT OF
CORRECTIONS, JANET LEASER, and DOES 1 through 25 and 31 through 39,
inclusive, were the legal and proximate cause of injuries and damage to
plaintiff, by the following acts or omissions to act on or about July 9,
2004, through and including July 12, 2004, at Santa Clara County,
California:

a.  Said defendants were at all times mentioned herein physicians, surgeons,
and healthcare providers licensed by the State of California to practice
medicine, psychiatry, social welfare, nursing and surgery, with offices in
Santa Clara County, California, and held themselves out as possessing the
degree of skill and competence common to similar medical, psychiatric,
social welfare, nursing and surgical practitioners in said community.

b.  In July, 2004, plaintiff MARTIN LUTHER OREN consulted said defendants
for the purpose of obtaining diagnosis and treatment of his mental illness,
under the terms, conditions and circumstances as more fully set forth in
Exhibit A.  Said defendants agreed to perform such diagnosis and treatment
and otherwise to care for and treat plaintiff's illness as reasonably
required.

c.  In doing and failing to do what was reasonably required of them to do,
and in so negligently and carelessly treating plaintiff's mental illness as
was required of them, all as more fully set forth in Exhibit A, said acts or
omissions of the said defendants are below the degree of skill and
competence commonly exercised by medical, psychiatric, social welfare,
nursing and surgical practitioners in this community.

d.  As a result of the acts and omissions alleged herein, plaintiff, in a
state of psychosis, retrieved the keys to his rental car, got behind the
wheel, and drove all-night, eastward on Highway 80, toward the state of
Nevada.  At approximately 6:00 a.m. on the morning of July 12, 2004, at or
around 12 miles from Winnemucca, Nevada, plaintiff, clearly psychotic,
traveling well in excess of 80 m.p.h. ran the rental car off the roadway
causing it to overturn and rollover.  As a result, plaintiff suffered and
continues to suffer, grave personal injuries, including traumatic brain
injury, emotional distress, anxiety, shock and mental anguish.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

| | MC-025 |
|---|---|
| SHORT TITLE: Oren v. County of Santa Clara, et al. | CASE NUMBER: 1-05-CV-035103 |

**ATTACHMENT** (Number): Two _____   Page 6 of 13

*(This Attachment may be used with any Judicial Council form.)*   *(Add pages as required)*

THIRD CAUSE OF ACTION FOR FAILURE TO WARN AGAINST DEFENDANTS COUNTY OF SANTA CLARA, SANTA CLARA COUNTY DEPARTMENT OF CORRECTIONS, SANTA CLARA COUNTY SHERIFF'S DEPARTMENT, JANET LEASER, SHERIFF'S DEPUTY VANDEGRAAF, SHERIFF'S DEPUTY ZUNIGA AND DOES 26 THROUGH 39, INCLUSIVE

1. Plaintiff realleges and incorporates by reference all previous allegations inclusively, as if fully set forth herein.

2. Defendants County of Santa Clara, Santa Clara County Department of Corrections, Janet Leaser, Santa Clara County Sheriff's Department, Deputy Vandegraaf, Deputy Zuniga and Does 26 through 39, inclusive, bore a special relationship to Plaintiff giving rise to a duty to warn of his impending release and/or departure from their custody.

3. On July 11, 2004, said defendants knew or should have known that Plaintiff, as a result of his psychosis, was a danger to himself and others, especially while driving.

4. On July 11, 2004, said defendants knew or should have known that Plaintiff had access to a car.

5. On July 11, 2004, said defendants knew or should have known that Ms. McDaniel had consistently arranged for Plaintiff's care and would have arranged for Plaintiff's care if she were notified within a reasonable time prior to Plaintiff's release and/or departure.

6.   Nonetheless, said defendants, without previously notifying Ms. McDaniel within a reasonable time, released and/or allowed Plaintiff to depart their facility and care.

7.  The failure of said defendants to warn Ms. McDaniel within a reasonable time prior to Plaintiff's release and/or departure caused Plaintiff to suffer, and continue to suffer, grave bodily injury, including traumatic brain injury, emotional distress, anxiety, shock and mental anguish.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [New July 1, 2002]

**ATTACHMENT**
**to Judicial Council Form**

Cal. Rules of Court, rule 982

| SHORT TITLE: Oren v. County of Santa Clara, et al. | CASE NUMBER: 1-05-CV-035103 | MC-025 |
|---|---|---|

**ATTACHMENT** (Number): __Three__

Page __7__ of __13__

*(This Attachment may be used with any Judicial Council form.)*

*(Add pages as required)*

FOURTH CAUSE OF ACTION FOR FAILURE TO SUMMON MEDICAL AID; GOVERNMENT CODE SECTION 845.6
AGAINST DEFENDANTS COUNTY OF SANTA CLARA, SANTA CLARA COUNTY DEPARTMENT OF CORRECTIONS, SANTA CLARA COUNTY SHERIFF'S DEPARTMENT, JANET LEASER, SHERIFF'S DEPUTY VANDEGRAAF, SHERIFF'S DEPUTY ZUNIGA AND DOES 26 THROUGH 39, INCLUSIVE

1. Plaintiff realleges and incorporates by reference all previous allegations inclusively, as if fully set forth herein.

2. On July 11, 2004, Defendants County of Santa Clara, Santa Clara County Department of Corrections, Santa Clara County Sheriff's Department, Janet Leaser, Deputy Vandegraaf, Deputy Zuniga and Does 26 through 39, inclusive, knew or should have known that Plaintiff, while in their custody, suffered from a serious and obvious medical condition requiring immediate care, to wit: psychosis.

3. Nonetheless, on July 11, 2004, said defendants failed to summon appropriate medical care to treat Plaintiff's serious medical condition.

4. The failure of said defendants to summon appropriate medical care caused Plaintiff to suffer, and continue to suffer, grave bodily injury, including traumatic brain injury, emotional distress, anxiety, shock and mental anguish.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [New July 1, 2002]

**ATTACHMENT**
to Judicial Council Form

Cal. Rules of Court, rule 982

| SHORT TITLE: Oren v. County of Santa Clara, et al. | CASE NUMBER:<br>1-05-CV-035103 | MC-025 |
|---|---|---|

**ATTACHMENT** (Number): <u>Four</u>

Page <u>8</u> of <u>13</u>

*(This Attachment may be used with any Judicial Council form.)*

*(Add pages as required)*

FIFTH CAUSE OF ACTION FOR FAILURE TO PROVIDE MEDICAL CARE (42 U.S.C. Section 1983) AGAINST DEFENDANTS COUNTY OF SANTA CLARA, SANTA CLARA COUNTY DEPARTMENT OF CORRECTIONS, JANET LEASER, SANTA CLARA COUNTY SHERIFF'S DEPARTMENT, JANET LEASER, SHERIFF'S DEPUTY VANDEGRAAF, SHERIFF'S DEPUTY ZUNIGA AND DOES 26 THROUGH 39, INCLUSIVE

1. Plaintiff realleges and incorporates by reference all previous allegations inclusively, as if fully set forth herein.

2. While Plaintiff was in custody on July 11, 2004, Defendants County of Santa Clara, Santa Clara County Department of Corrections, Janet Leaser, Santa Clara County Sheriff's Department, Deputy Vandegraaf, Deputy Zuniga and Does 26 through 39, inclusive,  demonstrated negligent, reckless and/or deliberate indifference to Plaintiff's serious medical needs.

3. The negligent, reckless and/or deliberate indifference to Plaintiff's serious medical needs by said defendants violated Plaintiff's due process rights secured by the Fourteenth Amendment to the United States Constitution.

4. The negligent, reckless and/or  deliberate indifference to Plaintiff's serious medical needs by said defendants caused plaintiff to suffer, and continue to suffer, grave bodily injury, including traumatic brain injury, emotional distress, anxiety, shock and mental anguish.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [New July 1, 2002]

**ATTACHMENT**
to Judicial Council Form

Cal. Rules of Court, rule 982

**EXHIBIT A**



```
McManis
Faulkner
& Morgan
```

## CLAIM FOR PERSONAL INJURIES

To:    County of Santa Clara, Santa Clara Valley Medical Center, Santa Clara County Sheriff's Department, Santa Clara County Department of Corrections, and their employees: Dr. Osback, and Sheriff Deputies, Vandegraaf and Zuniga; and, Does 1 through 40, inclusive.

Claimant:    Martin Luther Oren
3367 Benton St.
Santa Clara CA 95051

Martin Luther Oren, by and through his Guardian ad litem/Attorney-in-Fact, Calvin S. Oren, hereby claims against County of Santa Clara, Santa Clara Valley Medical Center, Santa Clara County Sheriff's Department, Santa Clara County Department of Corrections ("County") and their employees Dr. Osback, and Sheriff Deputies, Vandegraaf and Zuniga; and, Does 1 through 40, inclusive, and submits the following in support of his claim:

1.    Notices concerning the claim should be sent to: Colleen Duffy Smith, Esq., McManis Faulkner & Morgan, 50 West San Fernando, Suite 1000, San Jose, CA 95113.

2.    The dates and places of the transactions, occurrences, and series of transactions and occurrences giving rise to this claim are: beginning on or about July 9, 2004, and continuing to on or about July 12, 2004, at the following places: Santa Clara Valley Medical Center ("VMC"), Emergency Psychiatric Services (EPS), 751 South Bascom Avenue, San Jose, CA 95128; Office of the Sheriff, Santa Clara County (Main Jail), c/o 55 W. Younger Avenue, San Jose, CA 95110; and Highway 80, State of Nevada.

3.    The circumstances giving rise to this claim are as follows:

(a)    On or about the early evening of July 9, 2004, 44 year old claimant, Martin Luther Oren, was a voluntary inpatient at VMC EPS with a twenty year history of bipolar disease and psychosis. At the time of his admission and "evaluation," his pulse rate was elevated to 115. He told various psychiatric healthcare providers including Dr. Osback and Does 1 through 25, inclusive, employed by County, the following: that he had been cycling in a manic phase over the previous ten (10) days; that he had suffered a paranoid episode three hours before he voluntarily admitted himself, where he felt that his friend and boss was going to try to kill him; that he was "kind of in a fog;" that his psychiatric medications had been increased over the past ten (10) days; that he was experiencing an increase in "racing thoughts;" that his regular psychiatrist (Dr. Edward Zeff) was then

Claim Against Public Entity
Martin Luther Oren
January 7, 2005

currently out of the state; and that he was concerned that he might be getting more hypo manic/manic. At the same time and place, the following individuals gave or attempted to give a reliable and critical patient history to the said psychiatric healthcare providers employed by County at VMC:

(i)    Dr. Edward Zeff called the emergency room and spoke with Dr. Osback, and Does 1 through 25, inclusive, who was/were identified as the physician-in-charge. Dr. Zeff explained to said County employees the nature of claimant's psychotic episode (based upon Dr. Zeff's then-recent and frequent telephone conversations with claimant, as well as his previous treatment of claimant), and strongly recommended that VMC hold claimant for 72 hours as a danger to himself and others, based on the hallucinations, delusions, and grave impairment that claimant had been, and then was demonstrating; and

(ii)    Claimant's sister, Deborah McDaniel, presented at VMC with claimant. Healthcare providers employed by County at VMC EPS (Dr. Osback and Does 1 through 25, inclusive) failed to obtain any pertinent background information or history from claimant's sister although she told them that they should do so. Said County employees told her that she should leave, as she would not be allowed to wait with claimant, that her input was not required by the physician, and that her input was not required or relevant to a decision about claimant's treatment or care; and

(iii)    Claimant's employer, George Cowsar, who had been with claimant for a significant amount of time during the preceding week offered to give said County employees relevant information about claimant's behavior during the previous few days, but said County employees told him that his input was not required or relevant to a decision about claimant's treatment or care.

After claimant's sister left VMC, rather than admit claimant to VMC for 72 hours, on the basis that claimant was a danger to himself and others, healthcare providers employed by County at VMC including Dr. Osback and Does 1 through 25, inclusive, discharged claimant to "self" later that same evening, leaving him to self-transport home without notifying anyone, including claimant's sister, Ms. McDaniel.

(b)    On or about the morning of July 10, 2004, claimant returned to his sister's residence. In the day that followed, while with Ms. McDaniel, claimant's manic/psychotic episode continued to escalate,

2

Claim Against Public Entity
Martin Luther Oren
January 7, 2005

and claimant ran away, causing Ms. McDaniel to call Santa Clara County Sheriff Deputies (Does 26 though 30, inclusive) to her home twice so that she could file a missing person's report when claimant walked away from her home, and to request assistance concerning claimant when he later returned and was behaving in a way that Ms. McDaniel considered to be dangerous. On each occasion, the deputies in question, Does 26 through 30, inclusive, decided that claimant's behavior was not severe enough to justify taking him into custody.

(c)    On or about the morning of July 11, 2004, Ms. McDaniel again drove claimant to VMC EPS. Claimant had promised his sister that he would voluntarily self-admit, as his behavior was even more clearly disturbed. When they reached the hospital, claimant, rather than admit himself, on information and belief, found someone to give him a ride to San Jose International Airport, where he rented a car. Using the rental car, he then drove himself to St. Andrews Church, located at 11370 Stelling Road, in Cupertino, where he was a member. When he arrived at the church, claimant disrupted the church service in progress, prompting the church pastor to summon the Santa Clara County Sheriff's Department. Deputies Vandegraaf and Zuniga, and Does 26 through 30, inclusive, responded to the scene. When Deputy Zuniga asked the pastor if he wanted to press charges against claimant, the pastor responded: "Yes, but I also want him to get help."

While the Santa Clara County Sheriff's deputies were at the scene, Zuniga and Vandegraaf, and Does 26 through 30, inclusive were interviewing claimant, Ms. McDaniel called one of the arresting deputies who also happened to be the same deputy that had responded to one of the previous calls to her home, and told the deputy that claimant had refused to commit himself and instead decided to "expose the anti-Christ" at his church. While claimant was in the back of the patrol car, he kept saying, "I still have issues with God and the Devil." Deputy Zuniga arrested claimant for disturbing a church service and Deputy Vandegraaf transported claimant to the Main Jail due to "the likeliness of reoccurrence." Deputy Zuniga knew that claimant had driven a rental car to the church, and before claimant was taken to the Santa Clara County Main Jail, the deputy secured the rental car and booked the keys with his property. Deputies Zuniga, Vandegraaf and Does 26 through 30, inclusive, reassured Ms. McDaniel that claimant would receive a medical exam at the Santa Clara County Main Jail, and that if he "needed help," he would be sent to VMC as appropriate.

3

Claim Against Public Entity
Martin Luther Oren
January 7, 2005

(d)     On or about the afternoon of July 11, 2004, claimant was processed at the Santa Clara County Main Jail.  At that time, Ms. McDaniel called the medical evaluation office at the Main Jail and left a voice message.  In this message, she relayed everything she could about claimant's condition, and urged County employees Does 31 through 40, inclusive, to give claimant appropriate medical care. Claimant's physician, Dr. Zeff, also called this same medical evaluation office, and left a message regarding claimant's need for medical attention. Neither of these calls was ever returned or validated by County employees Does 31 through 40, inclusive.  On information and belief, without performing an appropriate evaluation of claimant's level of risk to himself and others, employees of County, Does 31 through 40, then and there allowed claimant to post bond, using his credit card and the services of a bail bond company, and claimant walked away from the jail several hours later.

4.      As a direct and proximate result of the failure of County health care providers and other employees as set forth above, including Dr. Osback, Santa Clara County Sheriff's Deputies Zuniga, Vandegraaf, and Does 1 through 40, inclusive, each of whom was and were all, acting within the scope of an agency or employment relationship with the County, to adhere to applicable standards of professional care, their negligence, and their wrongful acts or omissions in carrying out or failing to carry out evaluations and or treatment of claimant, once bailed, claimant in a state of psychosis, retrieved the keys to his rental car, got behind the wheel, and drove all-night, eastward on Highway 80, toward the state of Nevada.  At approximately 6:00 a.m. on the morning of July 12, 2004, at or around 12 miles from Winnemucca, Nevada, claimant, clearly psychotic, traveling well in excess of 80 m.p.h. ran the rental car off the roadway causing it to overturn and rollover.

5.      As a further direct and proximate result of the failure of County health care providers and other employees as set forth above, including Dr. Osback, Santa Clara County Sheriff's Deputies Zuniga, Vandegraaf, and Does 1 through 40, inclusive, each of whom was and were all, acting within the scope of an agency or employment relationship with the County, to adhere to applicable standards of professional care, their negligence, and their wrongful acts or omissions in carrying out or failing to carry out evaluations and or treatment of claimant, claimant was caused to and did suffer, and continues to suffer, grave personal injuries, including traumatic brain injury, emotional distress, anxiety, shock and mental anguish.

Claim Against Public Entity
Martin Luther Oren
January 7, 2005

6.      As a further direct and proximate result of the failure of County health care providers, and other employees as set forth above, including Dr. Osback, Santa Clara County Sheriff's Deputies Zuniga, Vandegraaf, and Does 1 through 40, inclusive, each of whom was and were all, acting within the scope of an agency or employment relationship with the County, to adhere to applicable standards of professional care, their negligence, and their wrongful acts or omissions in carrying out or failing to carry out evaluations and or treatment of claimant, claimant has incurred and will incur, medical and incidental expenses for the care and treatment of these injuries, the exact amount of which is unknown at the present time.

7.      As a direct and proximate result of the failure of County health care providers, and other employees as set forth above, including Dr. Osback, Santa Clara County Sheriff's Deputies Zuniga, Vandgegraaf, and Does 1 through 40, inclusive, each of whom was and were all, acting within the scope of an agency or employment relationship with the County, to adhere to applicable standards of professional care, their negligence, and their wrongful acts or omissions in carrying out or failing to carry out evaluations and or treatment of claimant, claimant has incurred and will incur wage loss, and loss of earning capacity, the exact amount of which is unknown at the present time.

8.      As a further direct and proximate result of the incident set forth above, claimant will be required to secure the service of an attorney and will incur reasonable and necessary attorney's fees and costs, the exact amount of which is unknown at the present time.

9.      At present, this claim is in the amount that would place it within the unlimited jurisdiction of the Superior Court.  The claim is based on injury, damage, and loss in an amount to be proved later.

Dated: January 7, 2005

                                McMANIS FAULKNER & MORGAN

                                COLLEEN DUFFY SMITH, ESQ.
                                Attorneys for Claimant Martin Luther Oren
                                by and through his Guardian ad Litem/Attorney-
                                in-Fact, Calvin S. Oren

5